Whitaker, Judge,
delivered the opinion of the court:
The plaintiff alleges that on October 25, 1941, she was admitted to the Freedmen’s Hospital in Washington, D. C., as a maternity patient, under a contract whereby the hospital, in consideration of the sum of $26.25, agreed to give her and her unborn baby proper care, maintenance, and attendance and to deliver her baby to her upon her release; that her child was born on the same day she was admitted; but that the hospital had breached its said contract in that it had failed to deliver her baby to her upon discharge and had continued to do. Wherefore, plaintiff sued for $10,000.
A stipulation of facts has been entered into which we have adopted as our findings of fact. It sets out the alleged contract which consists merely of a receipt for the sum paid for her “Board & Attendance”; but plaintiff says in her brief that there was implied an agreement to render her and her baby proper care, maintenance and attendance, and to deliver to her the body of her child upon her release.
If we assume arguendo that plaintiff’s position is correct, it is nevertheless doubtful whether it is to be implied that the hospital agreed to respond in damages for a breach of its contract, since it was a charitable hospital operated by the United States Government. It is the general rule that public charitable hospitals are not liable to patients for the negligence of their agents, even though the patients pay for the service received. Powers v. Massachusetts Homeopathic Hospital (1 C. C. A.), 109 Fed. 294; 13 R. C. L. 944 et seq.; and 26 Am. Jur. 594, et seq., and cases there cited. It is not to be implied that this hospital agreed to a greater degree of liability than the law imposed on public hospitals generally.
But even though it is to be implied that defendant agreed to respond in damages for a breach of its contract, still plaintiff *494 cannot recover, for it is stipulated that the baby was kidnapped from the hospital “without the permission or knowledge or negligence of any of the hospital’s officers, agents, or employees”. The extent of defendant’s implied contractual liability, if any, would be to use reasonable care in its attendance upon the child. If it was without negligence, clearly there is no liability. It certainly cannot be implied that it agreed to become liable as an insurer.
Plaintiff’s petition will be dismissed. It. is so ordered.
MaddeN, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.